```
 1
 2            IN THE UNITED STATES DISTRICT COURT FOR THE
                     WESTERN DISTRICT OF MISSOURI
 3                        SOUTHERN DIVISION

 4  UNITED STATES OF AMERICA,    ) Case No. 16-03092-01-CR-S-RK
                                 )
 5           Plaintiff,          ) Springfield, Missouri
                                 ) September 21, 2017
 6  v.                           )
                                 )
 7  ALBERTO COLINA, JR.,         )
                                 )
 8           Defendant.          )
    _____)
 9
             TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10              BEFORE THE HONORABLE DAVID P. RUSH
                  UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:        Ms. Ami Harshad Miller
13                            Assistant United States Attorney
                              901 St. Louis St., Ste. 500
14                            Springfield, MO  65806
                              (417) 831-4406
15
    For the Defendant:        Ms. Ann M. Koszuth
16                            Federal Public Defender's Office
                              901 St. Louis St., Ste. 800
17                            Springfield, MO  65806
                              (417) 873-9022
18
    Court Audio Operator:     Ms. Karla Berziel
19
    Transcribed by:           Rapid Transcript
20                            Lissa C. Whittaker
                              1001 West 65th Street
21                            Kansas City, MO  64113
                              (816) 914-3613
22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

(Court in Session at 9:58 a.m.)

THE COURT: Calling in *United States vs. Alberto Colina, Jr*. The defendant appears in person along with his counsel, Ms. Ann Koszuth. The United States appears by Assistant United States Attorney, Ms. Ami Miller. This matter is set this morning for a change of plea to both counts of the Indictment returned against this defendant on August 23rd of 2016. Mr. Colina, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the United States establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to be present and to confront and cross-examine witnesses. You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose. And if you chose not to testify it would not be held against you as that is your right. If, after understanding the charges against you, the range of punishment, if convicted, and your right to appear before a District Judge, if you wish,

1  you may waive or give up that right and proceed this morning
2  before the Magistrate Judge.  As I indicated, you have signed
3  such a consent.  Do you understand that you have a right to
4  appear before a United States District Judge, a judge of higher
5  jurisdiction, for these proceedings?
6          MR. COLINA:  Yes.
7          THE COURT:  And is it your desire to give up that right
8  and proceed this morning before the Magistrate Judge?
9          MR. COLINA:  Yes.
10         THE COURT:  Do you understand the charge against you in
11 Count One of the Indictment in this case?
12         MR. COLINA:  Yes.
13         THE COURT:  Do you understand that if convicted of the
14 charge in Count One, that the maximum penalty the court may
15 impose is not more than 10 years imprisonment, not more than a
16 $250,000 fine, not more than three years supervised release, and
17 a $100 mandatory special assessment?
18         MR. COLINA:  Yes.
19         THE COURT:  To the charge in Count One, how do you wish
20 to plead, guilty or not guilty?
21         MR. COLINA:  Guilty.
22         THE COURT:  Do you understand the charge against you in
23 Count Two of the Indictment in this case?
24         MR. COLINA:  Yes.
25         THE COURT:  Do you understand that if convicted of the

1  charge in Count Two, that again the maximum penalty the court may
2  impose is not more than 10 years imprisonment, not more than a
3  $250,000 fine, not more than three years supervised release, and
4  a $100 mandatory special assessment?
5         MR. COLINA:  Yes.
6         THE COURT:  To the charge in Count Two, how do you wish
7  to plead, guilty or not guilty?
8         MR. COLINA:  Guilty.
9         THE COURT:  Would you please raise your right hand?
10 Your right hand, sir.
11            ALBERTO COLINA, JR., DEFENDANT, SWORN
12        THE COURT:  Has anyone made any threat of any kind to
13 force you to plead guilty or to give up any of the other rights
14 we've discussed this morning?
15        MR. COLINA:  No.
16        THE COURT:  Has anyone promised you anything to induce
17 you or overcome your will to get you to plead guilty or give up
18 any of the other rights we've discussed?
19        MR. COLINA:  No.
20        THE COURT:  I mentioned to you that there was a
21 supervised release term of not more than three years that could
22 be imposed in your case as to both Counts One and Two.  Do you
23 understand that if that terms were imposed and then revoked for
24 any reason, that you could be required to serve an additional
25 term of imprisonment of not more than two years as to both Counts

```
                                                              5
```

1  One and Two, and if that happened, you would receive no credit
2  for any other time you had spent either in custody or on release?
3          MR. COLINA:  Yes.
4          THE COURT:  Do you understand that the Court could then
5  impose an additional term of supervised release as to both Counts
6  One and Two, which is governed by the maximum of the statute,
7  minus any time you'd spent in custody as a result of a violation?
8          MR. COLINA:  Yes.
9          THE COURT:  Do you understand that from a sentence
10 imposed in your case that there is no parole?
11         MR. COLINA:  Yes.
12         THE COURT:  Do you understand that there are Sentencing
13 Guidelines to which the District Court would refer to in an
14 advisory capacity when attempting to fashion a reasonable
15 sentence in your case?
16         MR. COLINA:  Yes.
17         THE COURT:  Have you discussed the guidelines with Ms.
18 Koszuth?
19         MR. COLINA:  Yes.
20         THE COURT:  And do you understand them?
21         MR. COLINA:  Yes.
22         THE COURT:  Do you understand that the final decision as
23 to how the guidelines are calculated and ultimately what sentence
24 will be imposed rests with the District Judge?
25         MR. COLINA:  Yes.

1    THE COURT:  If the District Judge would calculate the
2 guidelines differently from what you've discussed with your
3 attorney, that fact would not give you the right to withdraw or
4 change your plea of guilty.  Do you understand that?
5    MR. COLINA:  Yes.
6    THE COURT:  Once the District Judge establishes the
7 advisory guideline range, in some circumstances, you could be
8 sentenced above that range and, in other circumstances, you could
9 be sentenced below that range.  And again, the judge's decision,
10 if you disagreed, would not give you the right to withdraw your
11 plea of guilty.  Do you understand that?
12    MR. COLINA:  Yes.
13    THE COURT:  Now, Mr. Colina, you have a right to a trial
14 by jury with all the protections that I explained to you at the
15 beginning of these proceedings.  Do you understand your right to
16 a trial by jury?
17    MR. COLINA:  Yes.
18    THE COURT:  And do you understand that if the court
19 accepts your pleas of guilty that there won't be a trial?
20    MR. COLINA:  Yes.
21    THE COURT:  Now, I'm going to ask you about the offenses
22 charged in Counts One and Two of the Indictment.  I would remind
23 you that you are under oath.  You must answer truthfully.  Any
24 false answers could result in charges of false swearing or
25 perjury.  You always have the right to remain silent.  And I want

you to listen carefully because in just a moment I'm going to ask the attorney for the United States to state for the record the evidence that she believes that she could present at trial to prove or establish your guilt beyond a reasonable doubt as to both Counts One and Two. After the attorney for the Government is finished, I'm going to ask if you, in fact, did the things that she's stated for the record that she believes she can prove beyond a reasonable doubt. Ms. Miller?

MS. MILLER: Thank you, Your Honor. If this case were to go to trial, the Government could prove beyond a reasonable doubt that on January 6th, 2016, Branson Police Department Officer Joe Edwards was dispatched to an apartment in Branson, Missouri, a location in the Western District of Missouri. Officer Edwards made contact with E.R. who had blood on her head and face. E.R. had a laceration to the back of her head and was transported to the Cox Medical Center in Branson, Missouri, for treatment. At the hospital, Detective Arnett made contact with E.R. E.R. stated a white male pushed his way into her apartment. E.R. stated that the white male, who was later identified as the defendant, stole her Glock 19 semi-automatic .9mm pistol. On January 7th, 2016, Greene County Deputy Stephen Percy was dispatched to the Evergreen Church located at 3225 North Farm Road 123, Greene County, Missouri, in reference to a burglary. A search of the church was conducted and the defendant was located inside the church. A Glock 19 semi-automatic .9mm pistol was

1  located in the same room that the defendant was found in.  ATF
2  Task Force Officer Robert James conducted a function test on the
3  Glock Model 19 .9mm handgun, Serial Number AARR805 and found it
4  to function as designed.  ATF Special Agent Brian Fox determined
5  the firearm was manufactured outside the state of Missouri and it
6  would have had to cross state lines to enter.  And that would be
7  the Government's evidence.  Thank you, Your Honor.
8        THE COURT:  And I may have missed this, Ms. Miller, but
9  was the firearm test-fired and did it function as designed?  You
10 may have indicated that.
11       MS. MILLER:  Yes, Your Honor.  ATF TFO Robert James
12 conducted a function test and found it to function as designed.
13       THE COURT:  All right.  Thank you.  And the only other
14 thing, Mr. Colina, I would ask you, did you, in fact, do the
15 things that the Government has stated for the record and
16 specifically on January 7th of 2016, did you possess the firearm
17 that she's referenced?
18       MR. COLINA:  Yes.
19       THE COURT:  Ms. Koszuth, you've looked and reviewed --
20 you've looked at the Government's file and reviewed the discovery
21 in this case, have you not?
22       MS. KOSZUTH:  Yes, Your Honor.
23       THE COURT:  And based upon your review, are you
24 satisfied, if put to proof, that the United States could make a
25 submissible case as to all the elements pertaining to Counts One

8

1  and Two of the Indictment?

2        MS. KOSZUTH: Yes, Your Honor.

3        THE COURT: There is an adequate factual basis for the
4  pleas of guilty to Counts One and Two. I find that the plea is
5  voluntary and did not result from force, threats or promises.
6  Mr. Colina, you are represented -- (clearing throat) excuse me --
7  in this case by Ms. Koszuth. Have you had enough time to talk
8  with her about your case?

9        MR. COLINA: Yes.

10       THE COURT: Are you satisfied with the advice that she's
11 given you?

12       MR. COLINA: Yes.

13       THE COURT: The law requires me to ask you if this
14 morning you are on any medication prescribed by a physician or
15 any drugs or alcohol of any kind which would affect your ability
16 to understand these proceedings?

17       MR. COLINA: No.

18       THE COURT: Understanding that and the other matters
19 that we've discussed this morning, is it your desire for the
20 court to accept these pleas of guilty?

21       MR. COLINA: Yes, sir.

22       THE COURT: Ms. Miller, on behalf of the United States,
23 do you have any other record under Rule 11 that you think I need
24 to make?

25       MS. MILLER: No, Your Honor.

10

1  THE COURT: Ms. Koszuth, on behalf of the defendant, do
2  you have any other record under Rule 11 that you think I need to
3  make?
4  MS. KOSZUTH: No, Your Honor.
5  THE COURT: I will recommend the pleas of guilty be
6  accepted and I will order a Presentence Investigation to be
7  performed -- conducted by the Probation Office. Mr. Colina, good
8  luck to you, sir. With that, we'll be in recess.
9  MR. COLINA: Thank you.
10  (Court Adjourned at 10:08 a.m.)

11

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker    September 22, 2017
Signature of transcriber         Date